22



FILED

APR 20 2011

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**          No.    2:11-CR-20183

                    Plaintiff,

                                       HON. DAVID M. LAWSON
-vs-

**D-1  JACINDA JONES,**                **OFFENSES:**
                                       Willful Infringement of Copyright
                                       17 U.S.C. § 506(a)(1)(A),
                                       18 U.S.C. § 2319(b)(1)

                    Defendant.
                                       **MAXIMUM PENALTY:** 5 years
_____/

                                       **MAXIMUM FINE:** $ 250,000

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

JACINDA JONES and the government agree as follows:

**1.      GUILTY PLEA**

**A.      Counts of Conviction**

Defendant will enter a plea of guilty to **Count One** of the Criminal Information,

which charges **Willful Infringement of Copyright**, in violation of 17 U.S.C. §

506(a)(1)(A) and 18 U.S.C. § 2319(b)(1).

**B.      Elements of Offenses**

The elements of Count One are as follows:

1.    That the works that the Defendant reproduced or distributed were protected by copyright;

2.    That the Defendant infringed the copyrights of the works by reproducing or distributing to the public one or more copies of each of the copyrighted works;

3.    That the Defendant willfully infringed the copyrights;

4.    That the Defendant, during a 180-day period, reproduced or distributed ten (10) or more copies of one or more copyrighted works which have a total retail value of more than $2,500; and

5.    That the act of infringement was for the purpose of commercial advantage or private financial gain.

C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

From at least July 2008 and continuing through approximately January 2010, the Defendant, JACINDA JONES, unlawfully distributed at least 7,147 copyrighted works of Adobe Systems Incorporated, Symantec Corporation, Nero Incorporated, Microsoft Corporation and McAfee Incorporated through websites with the domain names "www.cheapsoftwaredownloads.net" and "www.cheapdl.com" and the email account "cindajones22@yahoo.com." The Defendant obtained at least $409,055.00 through the unlawful reproduction and distribution of the counterfeit software. In

particular, on the dates indicated below, defendant JONES sold through the following websites and email accounts the following copyrighted works, which were purchased and downloaded by a   Special Agent (SA) with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), acting in an undercover  capacity, from an Internet link sent by the defendant:

| Dates Sold and Downloaded | Copyrighted Works Sold | Website or email |
| --- | --- | --- |
| 11/19/2008 | Intuit QuickBooks Pro 2008 | www.cheapdl.com |
| 12/11/2008 | Microsoft Office Professional 2007 | www.cheapdl.com |
| 3/20/2009; 3/23-4/3/2009 | Adobe CS3 Premium, Nero DVD Ripper, Nero Ultra, Autocad Full*, Microsoft Office 2008 MAC, Microsoft Office 2007 Pro, Mircosoft Visio 2007 Pro, Microsoft Windows XP Pro, Macromedia Studio 8 Full, Macromedia Dreamweaver UltraDev, McAfee Antivirus, Norton Ghost 12, Symantec Antivirus Corp and AdAware Pro 2008*  <br><br>*purchased but not downloaded | www.cheapdl.com |
| 10/6/2009 | Symantec WinFax Pro 10 Microsoft Windows Server 2003 | help@cheapdl.com |
| 12/18/2009, 1/13/2010 | Microsoft Windows Vista Ultimate, | cindajones22@yahoo.com |

| | Adobe Acrobat Pro 9 Extended<br>Microsoft Server 2003 | |

All of the purchased copyrighted works described above were tested by an ICE Special Agent and found to be the purported software that could be installed to a computer.  Representatives from the copyright holders of the above described software examined the purchased software and found that the works were substantially similar to the legally released copies and were unlawful infringing copies of their copyrighted works.  In addition, the copyright holders' representatives advised that JACINDA JONES, www.cheapdl.com or www.cheapsoftwaredownloads.net were not authorized to duplicate, replicate, or distribute their copyrighted works of software.

In the course of this investigation, ICE analyzed the sales records related to the above-described websites and email accounts and determined that the Defendant sold at least 7,147 copies of pirated software and illegally obtained gross receipts of at least $409,055.00. These sales records demonstrate and the Defendant also acknowledges that she wilfully reproduced and distributed for purposes of private financial gain more than 10 copies of 1 or more of the specific copyrighted works, within  the identified 180-day periods, that are described in Counts One through Three of the Information, and that such works had a total retail value of more than $2,500 during each of the time periods.

The Defendant agrees that she received "private financial gain" within the meaning of 17 U.S.C. §§ 501 & 506(a)(1) and the Federal Sentencing Guidelines § 2B5.3, Application note 1.

2.    **SENTENCING GUIDELINES**

    **A.    Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    **B.    Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **37-46 months**, as set forth on the attached worksheets.  If the Court finds:

    a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

    b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offenses; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **37-46 months**, the higher guideline range becomes the agreed range.  However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous

sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

The Defendant and government agree to recommend to the Court, based on the evidence now known to the government, this Defendant's role in the offense and the time frame during which the Defendant began willfully infringing copyrighted works, that the infringement amount under the provisions of §2B5.3(b)(1) of the applicable Federal Sentencing Guidelines attributable to this Defendant should be more than $400,000 but less than $1,000,000.

Defendant reserves the right to argue that a downward departure based on diminished capacity under U.S.S.G. § 5K2.13 should be considered by the Court. The government reserves the right to oppose defendant's request for this downward departure.

3.    **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.  The Defendant agrees that all of

- 6 -

the relevant conduct from Counts One through Three of the Information should be considered by the Court in determining the appropriated Sentencing Guideline range.

### A.    Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

### B.    Supervised Release

A term of supervised release follows the term of imprisonment. There is no agreement on supervised release.  In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.    Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D.    Fine

The Court may impose a fine on each count of conviction in any amount up to **$75,000.**

- 7 -

### E.    Restitution

The Court shall order restitution to every identifiable victim of defendant's offenses and all other relevant conduct.  The victims, and the full amounts of restitution in this case, are as follows:

Microsoft Corporation - $397,425.00

Adobe Systems Incorporated - $42,585.00

Intuit Corporation - $455.00

Symantec Corporation - $290.00

Nero Incorporated - $215.00

McAfee Incorporated - $65.00

### F.    Forfeiture

The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.  The defendant agrees to forfeit all interest in any property identified in Paragraph 2 of the Forfeiture Allegation in the Criminal Information. The defendant further agrees to waive all interest in these assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant also agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of forfeiture at sentencing and incorporation

- 8 -

of the forfeiture in the judgment.

The defendant further agrees to waive all constitutional and statutory challenges in an any manner to any forfeiture carried out in accordance with this plea agreement on any grounds, including that forfeiture constitutes and excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by the Rule 11(b)(1)(J). Upon entering into and executing this agreement, the defendant agrees to take all steps as requested by the United States to pass clear title to any forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as contraband and a property used, and intended to be used, to facilitate the illegal conduct giving rise to forfeiture.

## 4.    COOPERATION

On March 22, 2010, during an interview with Special Agents with ICE regarding the above criminal conduct, the Defendant offered to assist law enforcement by providing information concerning doctors and others involved in the illegal distribution and sale of Vicodin, a schedule III controlled substance, since January 2009. The Defendant also offered to work as a cooperating witness and make undercover purchases or recorded phone calls.

This information was provided to the Drug Enforcement Administration, the Michigan State Police and the Washtenaw County Sheriff's Office.  None of these law enforcement agencies were able to make use of this information and it has not led to any further criminal investigations or prosecutions.  Although  the government does not intend to  file  a downward departure motion for substantial assistance under U.S.S.G. § 5K1.1, the Court should be aware of the Defendant's timely and unconditional offer to assist law enforcement.

5.      OTHER CHARGES

If the Court accepts this agreement, the U.S. Attorney for the Eastern District of Michigan and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice's Criminal Division agree to not bring any additional charges based on the criminal conduct described in Paragraph 1C.

6.      EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty pleas, if the Court decides to impose a sentence higher than the maximum allowed by Part 3.  This is the only reason for which defendant may withdraw from this agreement.  The Court shall advise defendant that if she does not withdraw

her guilty pleas under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

7.    **WAIVER OF APPEAL**

If the sentence imposed falls within the guideline range recommended by defendant in Paragraph 2B, above, defendant waives any right to appeal her conviction.  Defendant retains her right to directly appeal the Court's adverse determination of any disputed sentencing issue that was raised at or before the sentencing hearing.  The government agrees not to appeal any sentence within the guideline range it has recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range or to impose a sentence below the guideline range that is unreasonable.

8.    **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEAS OR VACATION OF CONVICTIONS**

If defendant is allowed to withdraw her guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing her to withdraw her guilty pleas becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the

- 11 -

attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9.    **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agencies except the United States Attorney's Office for the Eastern District of Michigan and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice's Criminal Division.

10.    **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of

- 12 -

any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

**11.    ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on 3/28/2011**. The government

reserves the right to modify or revoke this offer at any time before defendant

pleads guilty.

BARBARA L. MCQUADE
United States Attorney

_Ross I. MacKenzie_
ROSS I. MACKENZIE
ASSISTANT UNITED STATES ATTORNEY
CHIEF, COMPLEX CRIMES UNIT

_Terrence Berg_
TERRENCE BERG
ASSISTANT UNITED STATES ATTORNEY

_Thomas Dougherty_
THOMAS DOUGHERTY
TRIAL ATTORNEY
COMPUTER CRIME AND INTELLECTUAL
PROPERTY SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

DATE: **March 16, 2011**

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT SHE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. SHE ALSO ACKNOWLEDGES THAT SHE IS SATISFIED WITH HER ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT SHE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HER LAWYER, AND HAS HAD ALL OF HER QUESTIONS ANSWERED BY HER LAWYER.

_Natasha Webster_
NATASHA WEBSTER
ATTORNEY FOR DEFENDANT

_Jacinda Jones_
JACINDA JONES
DEFENDANT

DATE: _March 28, 2011_

- 14 -

| Defendant: | JACINDA JONES | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | | Statutes: | 17 U.S.C.§ 506 and 18 U.S.C. §2319 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B5.3(a) | Criminal Infringement of Copyright (Base Offense Level) | 8 |
| 2B5.3(b)(1)(B) | Infringement amount between $400,000 and $1,000,000 | 14 |
| 2B5.3(b)(3)(A) | Offense involved uploading of infringing items | 2 |
| | | |
| | | |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**24**

*************************

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ✓

Rev. 8/2010

| Defendant: | JACINDA JONES | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | | Statutes: | 17 U.S.C.§ 506 and 18 U.S.C. § 2319 |

## WORKSHEET B   (Multiple Counts)

**Instructions**  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts.  "All counts involving substantially the same harm shall be grouped together into a single Group."  (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.  (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1.  **GROUP ONE**: COUNT(S)  _____
    ADJUSTED OFFENSE LEVEL

2.  **GROUP TWO**: COUNT(S)  _____
    ADJUSTED OFFENSE LEVEL

3.  **GROUP THREE**: COUNT(S) _____
    ADJUSTED OFFENSE LEVEL

4.  **GROUP FOUR**: COUNT(S)  _____
    ADJUSTED OFFENSE LEVEL

5.  **TOTAL UNITS**

| unit |
|---|
| unit |
| unit |
| unit |
| units |

6.  **INCREASE IN OFFENSE LEVEL**

| 1 unit ➔ no increase | 2 1/2 - 3 units ➔ add 3 levels |
|---|---|
| 1 1/2 units ➔ add 1 level | 3 1/2 - 5 units ➔ add 4 levels |
| 2 units ➔ add 2 levels | > 5 levels ➔ add 5 levels |

7.  **ADJUSTED OFFENSE LEVEL OF GROUP**
    **WITH THE HIGHEST OFFENSE LEVEL**

8.  **COMBINED ADJUSTED OFFENSE LEVEL**

    Enter the sum of the offense levels entered in Items 6 and 7.



| Defendant: | JACINDA JONES | Counts: | 1-3 |

| Docket No.: | | Statutes: | 17 U.S.C.§ 506 and 18 U.S.C. § 2319 |

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):     3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):     2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):     1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

| Defendant: | JACINDA JONES | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | | Statutes: | 17 U.S.C.§ 506 and 18 U.S.C. § 2319 |

**(WORKSHEET C,  p. 2)**

## 2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.  (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

## 3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE  (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.

## 4.   TOTAL CRIMINAL HISTORY POINTS

Enter the sum of the criminal history points entered in Items 1-4.

0

## 5.   CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

I

| Defendant: | JACINDA JONES | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | | Statutes: | 17 U.S.C.§ 506 and 18 U.S.C. § 2319 |

# WORKSHEET D   (Guideline Range)

**1.**   **(COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

**24**

**2.**   **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY   (U.S.S.G § 3E1.1)**

**-3**

**3.**   **TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

**21**

**4.**   **CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

**I**

**5.**   **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.   Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.**   **GUIDELINE RANGE FROM SENTENCING TABLE   (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

**37-46 months**

**7.**   **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (See U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

**months**

| Defendant: | JACINDA JONES | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | | Statutes: | 17 U.S.C.§ 506 and 18 U.S.C. § 2319 |

# WORKSHEET E   (Authorized Guideline Sentences)

**1.    PROBATION  (U.S.S.G. ch. 5, pt. B)**

        a.    Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

[✓]    1.    Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]    2.    Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]    3.    Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

        b.    Length of Term of Probation  (U.S.S.G. § 5B1.2)

[ ]    1.    At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]    2.    No more than 3 years (total offense level < 6).

        c.    Conditions of Probation  (U.S.S.G. § 5B1.3)

        The court must impose certain conditions of probation and may impose other conditions of probation.

**2.    SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[✓]    a.    A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]    b.    A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.    IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

        A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

| Defendant: | JACINDA JONES | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | | Statutes: | 17 U.S.C.§ 506 and 18 U.S.C. § 2319 |

**(WORKSHEET E, p. 2)**

## 4.   SUPERVISED RELEASE   (U.S.S.G. ch 5., pt. D)

a.   Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.   Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

- [ ]   1.   At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

- [✓]   2.   At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

- [ ]   3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

- [ ]   4.   The statute of conviction requires a minimum term of supervised release of ____ months.

c.   Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5.   RESTITUTION (U.S.S.G. § 5E1.1)

- [✓]   1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

- [ ]   2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is **$** __ .

- [ ]   3.   The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including **$** __ . (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

- [ ]   4.   The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including **$** __ . (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

- [ ]   5.   Restitution is not applicable.

Rev. 8/2010

| Defendant: | JACINDA JONES | Counts: | 1-3 |
| Docket No.: | | Statutes: | 17 U.S.C.§ 506 and 18 U.S.C. § 2319 |

**(WORKSHEET E, p. 3)**

6. **FINE** (U.S.S.G. § 5E1.2)

    a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (See U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (See U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (See U.S.S.G. § 5E1.2(b), (c)(4).)

    b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|:---:|:---:|
| $ 7,500 | $75,000 |

7. **SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

    $100.00 for every count charging a felony ($400 for a corporation)
    $ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
    $ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
    $  5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $300 .

8. **FORFEITURE** (U.S.S.G. § 5E1.4)

[✓] Assets of the defendant will be forfeited.    [ ] Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

10. **UPWARD OR DOWNWARD DEPARTURE** (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.